(Pleito No. 116.—Fallado el 8 de Abril de 1901.)

## CRUZ contra CRUZ.

RECURSO contra sentencia dictada por la Corte de Distrito de San Juan.

1.—TESTAMENTARÍA. La prohibición impuesta por los testadores de la intervención judicial en las operaciones testamentarias sólo obliga á los herederos voluntarios y á los legatarios de parte alícuota del caudal, pero no se extiende á los herederos forzosos por razón de sus legítimas. El testador no puede limitar el ejercicio del derecho que la ley concede á los herederos forzosos para solicitar la intervención judicial en la promoción del juicio voluntario de testamentaría, ó para oponerse á la aprobación de las operaciones testamentarias.

2.—RECURSO. En los recursos no pueden promoverse otras cuestiones que las propuestas y resueltas en el pleito.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á ocho de Abril de mil novecientos uno, en los autos del pleito ordinario de mayor cuantía, seguido en el Tribunal del Distrito de San Juan, por los hermanos Don Arturo, Don Alfredo y Doña Adriana de la Cruz y Sanjurjo, con Doña María de la Cruz y Taforó, sobre oposición á la aprobación judicial de las operaciones testamentarias practicadas extrajudicialmente por la última como albacea y contadora de su madre Doña Dolores Taforó é Irizarry, pendiente ante Nos en virtud del recurso de casación por infracción de ley interpuesto por los primeros, representados por su Abogado defensor Don Antonio Sarmiento y Porras, llevando la representación de Doña María de la Cruz el Abogado Don Manuel F. Rossy y Calderón.—Resultando: Que Doña Dolores Taforó é Irizarry,

de estado viuda, natural de Río Piedras y vecina de esta Capital, de setenta y cinco años de edad, otorgó testamento abierto en ocho de Julio de mil ochocientos noventa y siete ante el Notario de la Carolina Don Leandro Lara y Tomé, constituído mediante expreso y especial requerimiento de dicha señora por encontrarse enferma, en su residencia del barrio de Santurce; y en cuyo testamento después de hacer constar el Notario por declaración de dos facultativos, que dicha señora, aunque de avanzada edad y padeciendo de cataratas, se encontraba en el pleno uso de sus facultades intelectuales y con la capacidad legal necesaria para otorgarlo, declaró la testadora haber sido casada legítimamente con Don Manuel de la Cruz y de la Torre, de cuyo matrimonio habían procreado cuatro hijos, nombrados Doña María Ana, Doña Julia, Don Arturo y Doña María de la Cruz, de los cuales las dos primeras habían fallecido sin sucesión y el tercero dejando tres hijos, llamados Doña Adriana, Don Arturo y Don Alfredo de la Cruz y Sanjurjo; cometió el encargo á sus albaceas testamentarios de pagar y cobrar los débitos y créditos que resultaran á su fallecimiento justificados que fueran, así como el hacer la manifestación de todos los bienes, debiendo estar y pasar por ella todos los que tuvieran interés en su hacienda; legó á su hija Doña María de la Cruz y Taforó el tercio de libre disposición de todos sus bienes; mejoró á la misma en el otro tercio, haciendo uso al efecto de las facultades que le concedía el Código Civil; instituyó y nombró por sus únicos y universales herederos en el remanente líquido que quedare de todos sus bienes, derechos y acciones á su relacionada hija Doña María de la Cruz y Taforó y á sus nietos Don Arturo, Don Alfredo y Doña Adriana de la Cruz y Sanjurjo, hijos de su finado hijo Don Arturo, en cuya representación heredaban para que el remanente de sus bienes se lo distribuyeran en dos partes iguales, una para su citada hija María y la otra para sus mencionados nietos, nombró por su albacea testamentaria contadora y partidora á su referida hija Doña

María de la Cruz y Taforó á quien facultaba para que ocurrido que fuera su fallecimiento, se incautara de todos sus bienes y los administrara mientras estuviera su herencia yacente, cobrara y pagara, defendiera en juicio y fuera de él la testamentaría y finalmente para que practicara las operaciones de inventario, avalúo, cuenta de partición, división y adjudicación de los bienes relictos hasta dejar á los herederos en posesión de su respectiva herencia, para lo cual le prorrogaba el año de albaceazgo por todo el tiempo que le fuera necesario, prohibiendo en dichas operaciones toda intervención judicial; y por último revocó y anuló cualquier otro testamento que antes hubiera otorgado para que ninguno valiera más que éste, el cual quería se guardara y cumpliera fielmente, como su única y deliberada voluntad.—Resultando: Que en diez y seis de Noviembre de mil ochocientos noventa y nueve, Doña María de la Cruz y Taforó, como albacea y contadora de su difunta madre Doña Dolores Taforó é Irizarry, compareció ante el Tribunal del Distrito de San Juan, presentando para que se pusieran de manifiesto en la Secretaría á los demás interesados, á los efectos del artículo 1,078 de la Ley de Enjuiciamiento Civil, con una copia simple del testamento de su señora madre y otros papeles, el inventario y cuenta divisoria de los bienes relictos al fallecimiento de dicha señora, en cuya cuenta, después de establecer varios supuestos relativos al fallecimiento de la misma, ocurrido en su residencia de Santurce, en primero de Septiembre de mil ochocientos noventa y siete, y á las disposiciones ordenadas en su testamento, procedió la contadora á practicar la liquidación y división del caudal inventariado; consistente en la mitad del valor de una casa y un pedazo de terreno sitos en el barrio de Hato-Rey, del término municipal de Río Piedras, montante dicha mitad á la suma de ochocientos setenta y seis pesos cuarenta y siete centavos según valoración practicada por el Ingeniero Don R. Skerret, de cuyo caudal, deducidos los gastos que se detallaban y que ascendían á la suma de ciento cincuenta y

ocho pesos cincuenta centavos, lo que correspondía á la contadora por su legado, mejora y parte de herencia, ascendente todo en junto á la suma de quinientos noventa y ocho pesos treinta y cinco y sexto de centavo, correspondía á cada uno de los tres herederos, Don Arturo, Don Alfredo y Doña Adriana de la Cruz y Sanjurjo, por su legítima la suma de treinta y nueve pesos, ochenta y ocho y trece diez y ocho avos de centavo, estableciendo además las declaraciones siguientes: que existiendo una hipoteca sobre la casa y solar de Hato-Rey, montante por capital é intereses devengados desde el diez y seis de Marzo de mil ochocientos noventa y seis, al diez y seis de Noviembre de mil ochocientos noventa y nueve, á la suma de quinientos cuarenta y ocho pesos y de la que era responsable el difunto Don Arturo de la Cruz y Taforó por haber tomado ese dinero, era muy justo que sus hijos Don Arturo, Don Alfredo y Doña Adriana, ya que participaban de la herencia de su citada abuela Doña Dolores, en representación de su difunto padre, pesara también sobre ellos el deber de solventarla; que además había otra deuda del mismo Don Arturo, por la suma de mil pesos que le había facilitado á préstamo su hermana Doña María que con los intereses devengados desde primero de Junio de mil ochocientos ochenta y nueve, á fines de Octubre de mil ochocientos noventa y nueve montaba á la suma de dos mil doscientos cincuenta pesos, cuyas declaraciones hacía la contadora, porque como aparecerían otros bienes ó créditos pertenecientes á la herencia de su difunta madre Doña Dolores, que se distribuirían en la misma proporción en que se había distribuído el caudal inventariado, quería se hiciera constar el crédito que resultaba á su favor para que se tuviera en cuenta en su día cuando aparecieran dichos bienes ó créditos de los cuales había de hacerse también la oportuna divisoria; que cualquiera deuda, obligación ó gravamen que pudiera resultar y que no se hubiera tenido en cuenta se distribuiría entre los interesados, en la misma proporción así como deberían aumentarse también los inte-

reses de las dos deudas relacionadas, vencidos desde primero
y diez y seis de Noviembre de mil ochocientos.noventa y
nueve respectivamente y los demás gastos que pudieran
ocasionarse en lo sucesivo; y procediendo por último á
practicar la contadora una distribución entre los hermanos
Don Arturo, Don Alfredo y Doña Adriana de la Cruz, de los
dos mil setecientos noventa y ocho pesos á que ascendía el im-
porte de las dos deudas expresadas, deduciendo lo que á cada
uno se le había adjudicado por su parte de herencia, resul-
taban á deber á Doña María de la Cruz y Taforó, la cantidad
de dos mil seiscientos setenta y ocho pesos treinta y tres
y cinco sextos de centavos; con cuyas operaciones dió por
terminada la cuenta divisoria de la testamentaría de Doña
Dolores Taforó, hasta la liquidación en su día de la hacienda
" Pajas," perteneciente también á la testamentaría y que no
podía distribuirse por estar en litigio.—Resultando: Que
provista de conformidad la solicitud de la contadora Doña
María de la Cruz de que se pusieran de manifiesto en la
Secretaría del Tribunal á los demás interesados las opera-
ciones testamentarias practicadas, y notificadas las partes,
compareció el Abogado Don Antonio Sarmiento y Porras
á nombre de Don Arturo, Don Alfredo y Doña Adriana de
la Cruz y Sanjurjo, manifestando su inconformidad con
dichas operaciones divisorias y pidiendo se le tuviera por
parte en representación de dichos señores y se le entregaran
los autos por término de quince días para formalizar su
oposición á lo que se accedió entregándosele los autos con el
expresado objeto.—Resultando: Que formalizada la oposi-
ción por el Abogado Don Antonio Sarmiento á nombre de
sus representados, dispuso el Tribunal se convocara á los
interesados á la Junta que prescribe el artículo 1,085 de
la Ley de Enjuiciamiento Civil, con inclusión de la contadora,
y celebrada dicha Junta con asistencia de Doña María de la
Cruz, acompañada de su Abogado defensor Don Manuel
F. Rossy y del Abogado Sarmiento á nombre de los oposi-
tores Don Arturo, Don Alfredo y Doña Adriana de la Cruz y

Sanjurjo, en cuyo acto dada por la representación de la contadora las explicaciones que tuvo por conveniente, como no hubiera acuerdo por insistir el Abogado defensor de los hermanos de la Cruz en los reparos opuestos á las operaciones divisorias pidió se cumpliera lo prevenido por el artículo 1,087 de la misma Ley de Enjuiciamiento Civil, á lo que accedió el Tribunal mandando se continuara la tramitación del asunto con arreglo á los trámites del juicio declarativo de mayor cuantía y que se diera traslado á las partes por término de veinte días, comenzando por la que había solicitado la entrega de las operaciones divisorias.—Resultando: Que entregados los autos con este motivo al Abogado defensor de los hermanos Don Arturo, Don Alfredo y Doña Adriana de la Cruz, formuló su demanda de oposición á las operaciones testamentarias presentadas por la contadora Doña María de la Cruz y Taforó, exponiendo: Que en primero de Septiembre de mil ochocientos noventa y siete había fallecido Doña Dolores Taforó é Irizarry, bajo el testamento que otorgara ante el Notario público Don Leandro Lara, en ocho de Julio anterior; que en dicho testamento se hacía institución de herederos á favor de sus defendidos y de Doña María de la Cruz; se nombraba á ésta albacea contadora partidora y se le confiaba la administración de los bienes hereditarios y se le cometía muy especialmente la partición, división y adjudicación de dichos bienes hasta dejar á los herederos en posesión de su respectiva herencia y se prohibía terminantemente que en dichas operaciones hubiera intervención judicial; que en cumplimiento de la voluntad de la testadora, Doña María de la Cruz había entrado en la administración de los bienes hereditarios y desde entonces los disfrutaba á su placer, sin rendir cuentas de su administración; que á pesar de la prohibición terminante de la testadora y de que ésta había designado contador partidor y que tanto Doña María como los demás herederos eran mayores de edad y se encontraban en el pleno uso de sus derechos civiles y tenían su residencia en esta Isla, la contadora presentaba la parti-

ción que motivaba este litigio á la aprobación judicial, sin cumplir las formalidades más rudimentarias, acompañando una porción considerable de papeles escritos que ni siquiera se había tomado el trabajo de autorizar con su firma, en garantía de su autenticidad; que si bien no tenía inconveniente en aceptar la autenticidad del testamento que en forma tan informal se presentaba, no así respecto á los demás documentos cuya autenticidad no reconocía; que con esa partición que, contrariando sin excusa legal y por consiguiente incurriendo en responsabilidades personales, preceptos terminantes de la testadora, Doña María de la Cruz, no había procurado otra cosa que poner á salvo derechos propios, no incluyendo entre los bienes partibles el producto de la administración, dando un valor ínfimo á la parte de casa que se inventariaba como único capital partible y computándose á sus defendidos en pago de sus respectivas hijuelas, deudas que de ser ciertas lo serán á favor de la persona de Doña María de la Cruz y nunca de la testamentaría de Doña Dolores Taforó, que era de lo que se trataba; y alegando como fundamentos de derecho, que es principio general en materia de testamentos que la voluntad del testador tiene fuerza de ley en todo lo que no se oponga á lo que éstas previenen; que la herencia comprende todos los bienes, derechos y obligaciones de una persona, que no se extingan por la muerte, con arreglo al artículo 639 del Código Civil, á cuyo precepto se amparaba para justificar que se incluyeran en el inventario general de los bienes quedados á la muerte de Doña Dolores Taforó, el producto de la administración de esos mismos bienes y el valor verdadero de la mitad de la casa inventariada y que no se computasen en la hijuela de ninguno de sus defendidos, deudas ó créditos que podrían corresponder á Doña María de la Cruz, pero no á la herencia de Doña Dolores Taforó; que cuando el testador hubiese prohibido la intervención judicial en su testamentaría, para que esta prohibición produzca los efectos expresados en los artículos 1,043 y 1,038 de

la Ley de Enjuiciamiento Civil, es necesario que aquél haya nombrado una ó más personas facultándolas para que con el carácter de albaceas contadores ó cualquiera otro, practiquen extrajudicialmente las operaciones de la testamentaría, como lo ordena el artículo 1,044 de la misma Ley procesal; que las liquidaciones y particiones de herencias, hechas extrajudicialmente, aunque lo hayan· sido por contadores nombrados por el testador, deben presentarse á la aprobación judicial siempre que tengan interés en ello como herederos ó legatarios de parte alícuota algún menor incapacitado ó ausente cuyo paradero se ignore, según el artículo 1,048 de la misma Ley de Enjuiciamiento Civil; sin que quepa alegarse que por la resistencia de sus defendidos se traía la partición á la aprobación judicial, puesto que esa resistencia podría justificar, si fuera cierta, el que se les obligara judicialmente á otorgar la escritura de partición, pero nunca á que un Tribunal impartiera á éstas su aprobación, cosa terminantemente prohibida por la testadora; que según el artículo 1,902 del Código Civil, el que por acción ú omisión causa á otro daño, interviniendo culpa, está obligado á reparar el daño causado, precepto que en lo judicial se traduce por el principio de que el litigante temerario debe ser condenado en las costas; condena que en el presente caso debía imponerse á Doña María de la Cruz, personalmente, porque la présentación al Tribunal de la partición no había sido acto propio de la contadora, que según el testamento ni podía ni debía serlo; por todo lo cual concluyó suplicando al Tribunal se declarara en definitiva que no había lugar á aprobar la partición de bienes presentada por la contadora Doña María de la Cruz, condenándola personalmenie al pago de las costas y solicitando además por otrosí que oportunamente se recibiera el pleito á prueba.—Resultando: Que conferido traslado de esta demanda á Doña María de la Cruz y Taforó, por el término de veinte días, lo evacuó en su ·nombre su abogado defensor Don Manuel F. Rossy, aceptando los dos primeros hechos de la impugnación y alegando

además : Que Doña María sólo había entrado en posesión de
la mitad de la casa de Hato-Rey, que estaba en ruina y
reportaba una hipoteca que se constituyó para pagar una
deuda de Don Arturo de la Cruz, padre de los opositores, y
que gracias al cuidado y sacrificios de la Doña María y del
otro condueño Don Pedro Pastor, la casa aun estaba en pie ;
que la testadora había prohibido ciertamente la intervención
judicial en las operaciones del caudal hereditario, pero que
no había podido prever que sus nietos se negasen después á
todo arreglo familiar, como lo demostraba el hecho de su
oposición, por cuyo motivo Doña María se había visto preci-
sada á solicitar la intervención judicial para concluir el
asunto ; que á fin de que los opositores tuvieran todos los
datos que deseaban para no verse obligados á estar y pasar
por lo que ella decía, presentaba : 1.º Un testimonio del
testamento.—2.º La cuenta comprobada de los gastos y pro-
ductos de la casa, cuya mitad correspondía á la sucesión.—
3.º Otro testimonio de la hipoteca con la cuenta de intereses
pagados y los que aun se debían, cuya mitad también corres-
pondía á la sucesión, y 4.º La liquidación del caudal here-
ditario con sus bajas comprobadas por cada partida ; que de
dicha liquidación aparecía un déficit de ciento treinta y siete
pesos sesenta y ocho centavos á favor de la contadora, fal-
tando todavía los recibos del Notario Sr. Guerra, por los
testimonios del testamento y de la hipoteca, que no había
podido darlos por encontrarse enfermo, y la cuenta del otro
médico Sr. del Valle, á quien se le había pedido por correo ;
y que probablemente no alcanzarían para esto los trescientos
pesos que se habían calculado para esta atención ; que se
eliminaban las deudas de Don Arturo, que oportunamente
reclamaría Doña María á sus herederos ; y en cuanto al
derecho, que era inexacta y deficiente la doctrina expuesta
por la parte contraria, sobre la prohibición de la interven-
ción judicial en las operaciones testamentarias ; que los ar-
tículos 1,038, 1,043 y 1,044 de la Ley de Enjuiciamiento
Civil, hacía tiempo que estaban aclarados por la jurispru-

dencia, en el sentido de que la prohibición de promover el juicio testamentario sólo alcanzaba á los herederos voluntarios y á los legatarios, pero de ningún modo á los forzosos, como lo son los hijos por razón de su legítima, según la sentencia del Tribunal Supremo de España, de diez y siete de Octubre de mil ochocientos noventa y tres; que igual doctrina desenvuelven las sentencias del mismo Tribunal de dos de Mayo de mil ochocientos ochenta y cuatro y cinco de Junio de mil ochocientos ochenta y siete, que consagran el derecho del heredero forzoso para promover el juicio testamentario; y la de veinte y cinco de Septiembre de mil ochocientos ochenta y tres, según la que, el respeto debido á la voluntad del testador, no puede convalidar las condiciones impuestas que sean contrarias á la ley; que según el artículo 792 del Código Civil las condiciones contrarias á las leyes, se deben tener por no puestas y en nada deben perjudicar al heredero, aun cuando el testador disponga otra cosa, y según el 813 del mismo Código, los herederos deben percibir libremente sus legítimas sin condición ni gravamen, cuya doctrina que es inmemorial en nuestro derecho, se confirma una vez más con la sentencia de diez y siete de Octubre de mil ochocientos noventa y tres, publicada después de regir el Código Civil; que Doña María no había querido hacer uso del derecho que le reconocía la precedente doctrina como heredera forzosa, sino después de haber visto la imposibilidad de una avenencia con los otros herederos, en cuyo sentido era imposible considerarla como litigante temeraria, para imponerle las costas, cuyo pago era de cargo de la testamentaría, por lo que concluía suplicando al Tribunal se sirviera tener por contestada la oposición y aprobar en definitiva sus cuentas divisorias en la forma que expresaban las que presentaba con su escrito de contestación debidamente comprobadas.— Resultando de la liquidación del caudal presentada por Doña María de la Cruz con su escrito de contestación á la demanda, que en ella figura como único caudal de

la testadora Doña Dolores Taforó la mitad del valor de la casa y terreno de Hato-Rey, valorado todo por el Ingeniero Don Ricardo Skerret en la suma de mil setecientos cincuenta y dos pesos noventa y cuatro centavos, ó sea su mitad montante á la suma de ochocientos setenta y seis pesos cuarenta y siete centavos, más la mitad de los productos de dicha finca, ascendentes, según la cuenta que se acompaña por separado, á la suma de setenta y siete pesos cincuenta y cinco centavos, montantes dichas dos mitades á la suma de novecientos cincuenta y cuatro pesos dos centavos; de cuyo caudal deducidas las bajas, consistentes en la mitad de una hipoteca por valor de trescientos. cincuenta pesos, que gravaba la casa y terreno de Hato-Rey reconocida por escritura pública de diez y seis de Abril de mil ochocientos noventa por Don Pedro Pastor Egea y Doña Julia de la Cruz á favor de Paula García y Oquendo por la suma de trescientos cincuenta pesos de capital, más la mitad de los intereses devengados desde la muerte de la testadora y otros gastos que se detallan en la misma cuenta, por valor en junto de mil noventa y un pesos setenta centavos, resulta un déficit en contra de la testamentaría y á favor de la albacea y contadora Doña María de la Cruz, de ciento treinta y siete pesos sesenta y ocho centavos, que deberá tenerse en cuenta en su oportunidad, cuando puedan dividirse los otros bienes pertenecientes á la testamentaría, que no pueden serlo hoy por encontrarse en litigio, para reintegrar de él á la contadora, á la cual se adjudicará la mitad de la casa y terreno de Hato-Rey para el pago de las deudas relatadas en la expresada cuenta.—Resultando: Que abierto el juicio á pruebas, sólo se propuso por la representación de los opositores Don Arturo, Don Alfredo y Doña Adriana de la Cruz, la tasación por peritos de la casa y terreno de Hato-Rey; y que admitida y practicada dicha prueba, fueron tasados dicha casa y terreno por el perito Don Rafael Geigel y Sabat, nombrado por los opositores, en la suma de dos mil trescientos treinta y dos pesos ochenta y ocho centavos y por el otro

perito Don R. Skerret, nombrado por Doña María de la Cruz, en la suma de mil novecientos veinte y tres pesos cinco centavos; y que ordenado por el Tribunal para mejor proveer se nombrara un perito tercero para dirimir la discordia, presentó escrito el abogado defensor de Doña María de la Cruz conformándose con la tasación practicada por el perito Don Rafael Geigel y Sabat y pidiendo se dejara sin efecto el nombramiento de perito tercero á lo que se proveyó de conformidad.—Resultando : Que en treinta de Agosto del año próximo pasado dictó sentencia el Tribunal del Distrito de San Juan, por mayoría de votos, aprobando el inventario, avalúo, partición y adjudicación de bienes relictos de Doña Dolores Taforó é Irizarry, presentados á la aprobación de dicho Tribunal por la contadora y heredera forzosa de la causante en veinte de Marzo anterior, con la modificación de que la partida del cuerpo general de bienes que en el inventario aparecía representado por la cantidad de novecientos cincuenta y cuatro pesos dos centavos, se sustituyera por la de mil doscientos cuarenta y tres pesos con noventa y nueve centavos y que el déficit de ciento treinta y siete pesos sesenta y ocho centavos, se reemplazara por un remanente de ciento cincuenta y dos pesos veinte y nueve centavos, como capital líquido relicto por la causante ; que se distribuiría entre sus herederos en la forma y proporción dispuesta por la testadora en su testamento, siendo de cargo del haber hereditario las costas causadas.—Resultando : Que contra esta sentencia interpuso el Abogado Don Antonio Sarmiento, á nombre de Don Arturo, Don Alfredo y Doña Adriana de la Cruz, recurso de casación por infracción de ley, como autorizado por el artículo 402 de la Ley de Enjuiciamiento Civil y en los párrafos 1º, 2º, 3º y 7º del artículo 1,690 de la misma Ley, citando como infringidos :—Primero : La regla número 59 de la Orden General número 118 serie de 1899, en relación con los artículos 1,047, 1,087, 677 y 368 de la Ley de Enjuiciamiento Civil, al dictarse para terminación de un juicio civil ordinario de mayor cuantía, un auto en

lugar de una sentencia.—Segundo: El artículo 1,218 del Código Civil: 1º Al tener en cuenta para fundar el auto el carácter de la colitigante Doña María de la Cruz y Taforó, como heredera forzada de la causante, cuando en documentos públicos como el escrito inicial de las diligencias sobre la aprobación de la partición, folio 34, y el de contestación á la demanda, folio 97, se dice terminantemente que aquella señora insta como albacea contadora. 2º Al prescindir de la solicitud de la demanda de oposición y al afirmar que ésta se funda sólo en la prohibición de la testadora á la intervención judicial, en la falta de inclusión en el inventario de las rentas del caudal relicto y en el bajo justiprecio del único bien en que éste se hace consistir, cuando se fundaba asimismo en la falta de formalización de los documentos que se acompañaban á la partición y en que se computaban á sus defendidos en pago de su haber deudas que si existían eran á favor personalmente de Doña María, no á favor de la herencia; y 3º Al afirmarse que la segunda tasación del perito Sr. Skerret, folio 118, era confirmatoria de la primera, folio 12, cuando ésta fué de mil setecientos cincuenta y dos pesos noventa y cuatro centavos y aquélla de mil novecientos veinte y tres pesos cinco centavos.— Tercero: La voluntad del testador que es ley del testamento, según se desprende de los artículos 658, 667, 1,056 y 1,057 del Código Civil, al intervenir judicialmente en una partición extrajudicial contra la prohibición expresa y terminante de la testadora.—Cuarto: El artículo 1,044 de la Ley de Enjuiciamiento Civil por no estimar válida esa prohibición á pesar de que la testadora designa contadora para que practique extrajudicialmente la partición.—Quinto: El artículo 1,048 de la misma ley por impartir la aprobación judicial á una partición extrajudicial, en la que no están interesados menores, incapacitados ni ausentes.—Sexto: De ese mismo artículo y de los 1,035, 1,036 y 1,037 de la misma ley, al confundir las diligencias de aprobación judicial de una partición extrajudicial, que son por su naturaleza de jurisdic-

ción voluntaria, sin otra incidencia contenciosa que el juicio declarativo ordinario sobre oposición á la aprobación, con el juicio universal de testamentaría.—Séptimo: El mismo artículo 1,037 de la ley procesal, dando por pertinente esa confusión al considerar como parte legítima á la contadora, único carácter con que comparece la demandada para promover un juicio voluntario de testamentaría; sin referirse al juicio necesario, porque en el presente caso no existen menores, ausentes ni incapacitados no representados.—Octavo: El artículo 358 de la misma ley procesal, porque en la demanda se pedía que se declarase no haber lugar á aprobar la partición presentada por la contadora Doña María de la Cruz y Taforó en diez y seis de Noviembre de mil ochocientos noventa y nueve con las costas personalmente á Doña María por sí, no como contadora, y en la contestación se pidió que se aprueben otras cuentas divisorias que presenta la contadora con fecha veinte de Marzo de mil novecientos, sin hacer petición de condena de costas y el Tribunal no hace declaración alguna respecto á lo pedido en la demanda sobre la partición de diez y seis de Noviembre; aprueba la partición de veinte de Marzo modificándola á su antojo, haciendo una nueva partición y distribución del caudal hereditario, y condena en las costas al expresado caudal contra el que nadie había pedido.—Noveno: El artículo 1,057 del Código Civil, porque se aprueba por el Tribunal una partición extrajudicial hecha por una contadora testamentaria que no puede legalmente serlo porque es coheredera.—Décimo: El artículo 1,232 del Código Civil, porque confesada por la parte demandada, en la contestación á la demanda, que la primera partición estaba mal hecha, á cuyo efecto acompaña otra, afirmación comprobada en el escrito de veinte de Agosto último, folio 122, no se da valor ninguno á esta confesión de la demandada, ni se declara con lugar la demanda de oposición á la partición de diez y seis de Noviembre.—Undécimo: El artículo 1,078 y siguientes hasta el 1,087 inclusive, de la Ley de Enjuiciamiento Civil;

respecto á la segunda partición, porque es aprobada por el Tribunal sin que previamente se cumpla con ninguna de las formalidades que dichos artículos prescriben.—Duodécimo: El artículo 1,080 de la misma ley, porque según éste el Tribunal no puede hacer más que aprobar ó rechazar la partición, pero no modificarla como lo ha hecho el Tribunal del Distrito.—Décimo tercero: El artículo 1,902 del Código Civil, porque habiéndose extralimitado Doña María de la Cruz de sus deberes de contadora, presentando á la aprobación judicial, contra la expresa voluntad de la testadora, se hizo responsable, no como contadora, sino particular y personalmente del daño causado á los recurrentes en este litigio, obligándoles á sostenerlo, daño que se indemniza con la condena de costas.—Vistos:  Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.—Considerando: Que es doctrina jurídica admitida por la jurisprudencia de los Tribunales, que la prohibición impuesta por los testadores de la intervención judicial en las operaciones testamentarias sólo obliga á los herederos voluntarios y á los legatarios de parte olícuota del caudal, pero que no se extiende ni puede extenderse á los herederos forzosos, como lo son los hijos y nietos, en su caso, por razón de sus legítimas; puesto que sucediendo en ellas por derecho propio, con ó sin la voluntad de sus padres ó abuelos respectivamente, deben percibirlas íntegras, sin ningún gravamen ni condición, como lo prescribía en lo antiguo la ley II, título 14, partida 6ª, y en la actualidad el artículo 813 del Código Civil, lo que no acontecería si se limitara por el testador el ejercicio del derecho legítimo que la ley concede á los herederos forzosos, para solicitar la intervención judicial en la promoción del juicio voluntario de testamentaría, ó para oponerse á la aprobación de las operaciones testamentarias en otro caso.—Considerando: Que esta doctrina no ha sido modificada por el nuevo Codigo Civil; pues si bien por el artículo 1,057 del mismo, se concede por regla general á los testadores el derecho de encomendar por actos interivos ó mortis causa, á cual-

quier persona que no sea uno de los coherederos, la simple facultad de hacer la partición, esto se entiende sin perjuicio del derecho de los herederos forzosos para impugnarla en el caso de estimarla inoficiosa; y por consiguiente, si con arreglo á estos principios era indiscutible el derecho de los hermanos Don Arturo, Don Alfredo y Doña Adriana de la Cruz para promover ante el Tribunal competente el juicio voluntario de testamentaría de su abuela Doña Dolores Taforó ó para impugnar directamente las operaciones testamentarias practicadas por la contadora, por los perjuicios que con ellas pudieran causárseles en sus respectivas legítimas, con igual razón ha estado la contadora en su derecho para acudir ante el mismo Tribunal, en previsión de la inconformidad de sus sobrinos á fin de obtener en el juicio correspondiente y con citación y audiencia de los mismos, la aprobación de las operaciones testamentarias practicadas por ella extrajudicialmente, en cumplimiento del encargo de la testadora; ya que ni podía discutírseles el derecho de combatirlas, ni había otro medio hábil para llegar á la resolución de sus diferencias que sometiéndolas á la autoridad judicial.—Considerando: Que debiendo estimarse en consonancia con la expresada doctrina, como contraria á los preceptos legales la prohibición impuesta en su testamento por Doña Dolores Taforó de la intervención judicial en la aprobación de las operaciones testamentarias que encomendó á su albacea y contadora Doña María de la Cruz, no puede considerarse su voluntad en este punto como la ley en la materia; y por consiguiente la sentencia del Tribunal del Distrito de San Juan que prescindiendo de ella y desestimando la oposición formalizada por los recurrentes, ha impartido su aprobación á las operaciones practicadas por la contadora, no ha infringido la voluntad del testador ni los artículos 358, 667, 1,056, 1057 y 1,902 del Código Civil y 1,044, 1,048, 1,065, 1,036 y 1,037 de la Ley de Enjuiciamiento Civil, en los conceptos que se expresan en los motivos 3º, 4º, 5º, 6º, 7º y 13 del recurso.—Considerando:

Que en los recursos de casación no pueden promoverse otras cuestiones que las propuestas y discutidas oportunamente en el pleito y que no habiéndolo sido la personalidad de Doña María de la Cruz, como tal contadora y partidora del caudal testamentario de su madre Doña Dolores Taforó, en el concepto que se expresa en el noveno motivo del recurso, no es de estimarse la infracción del artículo 1,057 del Código Civil que á este respecto se cita como infringido en el motivo expresado, como tampoco lo es la de la regla número 59 de la Orden General número 118, serie de 1,899, en relación con los artículos 1,047, 1087, 677 y 368 de la Ley de Enjuiciamiento Civil que se citan en el primer motivo, por tratarse de infracciones que aun siendo ciertas, afectarían sólo á la ritualidad del juicio y por lo tanto no pueden servir de fundamento á un recurso de casación en el fondo.—Considerando: Que propuestos en la demanda de impugnación los reparos hechos á la cuenta divisoria por los hermanos Don Arturo, Don Alfredo y Doña Adriana de la Cruz y contestados por la contadora en los términos que creyó pertinentes en su escrito de contestación á la demanda, aceptando unos y rebatiendo los otros y presentando la cuenta divisoria tal como resultaba con las reformas y adiciones que había creído pertinentes introducir en ellas; abierto el juicio á pruebas y practicadas las propuestas por las partes, la sentencia que en vista de las alegaciones de una y otra y de las pruebas practicadas á su instancia, aprueba la cuenta divisoria reformada por la contadora tal como la había presentado con su escrito de contestación, y con las demás modificaciones que estimó necesarias el Tribunal sentenciador, atendido el resultado de la prueba pericial propuesta por los mismos recurrentes, resuelve todas las cuestiones propuestas oportunamente en los escritos de demanda y de contestación, y por consiguiente, lejos de infringir, aplica rectamente el artículo 358 de la Ley procesal y las demás disposiciones legales que se citan en los motivos 8, 11 y 12 del recurso.—Considerando: Con respecto á las

infracciones de los artículos 1,218 y 1,232 del Código Civil, á que se refieren los motivos 2? y 10° del recurso que, fundado éste en cuanto á los expresados extremos en errores que se suponen cometidos por la sentencia en la apreciación de ciertas pruebas, no se determina con toda claridad y precisión si el error cometido por la Sala en la apreciación de dichas pruebas es de hecho ó de derecho; punto sobre el cual, por otra parte, no se ha planteado la cuestión por los recurrentes con la debida claridad para la mejor inteligencia y más acertada resolución del problema jurídico propuesto, por cuyos fundamentos tampoco es de estimarse el recurso por los expresados motivos.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por los hermanos Don Arturo, Don Alfredo y Doña Adriana de la Cruz y Sanjurjo, á quienes condenamos en las costas; comuníquese esta resolución con devolución de los autos al Tribunal sentenciador á los efectos correspondientes.—Así por esta nuestra sentencia, que se publicará en la Gaceta, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M.ª Figueras.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Presidente del Tribunal Supremo Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario, en Puerto Rico á ocho de Abril de mil novecientos uno.—E. de J. López Gaztambide, Secretario.